UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
RAMON APONTE,

                Petitioner,

      - against -

UNITED STATES OF AMERICA,

              Respondent.
-------------------------------X

**MEMORANDUM AND ORDER**

16 Civ. 3511 (NRB)
02 Cr. 1082-4(NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Before the Court is Ramon Aponte's ("Aponte") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

     Aponte was originally indicted on August 13, 2002. On September 26, 2003, Aponte pled guilty to a three-count superseding information. Count One charged Aponte with using and brandishing a firearm during a robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; Count Two charged Aponte with robbing the occupants of a Manhattan apartment and assaulting one with a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2; and Count Three charged Aponte with using a cellular telephone in furtherance of a conspiracy to distribute and possess drugs obtained in robberies of drug dealers, in violation of 21 U.S.C. § 843(b). Aponte's § 924(c) charges were

predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951.  S12 02 Cr. 1082 at 1-2.  On January 16, 2004, this Court sentenced Aponte to the mandatory minimum sentence of incarceration of seven years on Count One, the mandatory minimum sentence of incarceration of twenty-five years on Count Two, and the maximum sentence of incarceration of four years on Count Three.  The sentences were imposed to run consecutively, for a total term of imprisonment of 432 months.

On May 10, 2016, Aponte, acting pro se, filed a petition pursuant to 28 U.S.C. § 2255 (the "First Petition"), arguing that after Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"), neither of the robberies underlying his two § 924(c)(1)(A) convictions qualify as "crimes of violence" as defined in 18 U.S.C. § 924(c)(3).  On June 15, 2016, Federal Defenders of New York appeared on behalf of Aponte in connection with his First Petition.

On July 27, 2020, this Court directed Federal Defenders and the government to file letters identifying (1) any controlling authority dispositive of the precise legal issue(s) raised by Aponte's First Petition, or (2) pending cases, if any, that might be resolved in a manner that would yield such authority. Subsequently, the parties filed letters reflecting their agreement that the sole outstanding issue in the First Petition was whether attempted Hobbs Act robbery is a "crime of violence" and may serve

as a predicate for 18 U.S.C. § 924(c).[1]  See ECF Nos. 14, 15.[2]  The parties further explained that a number of cases pending in the Second Circuit were considering this precise question.  See ECF Nos. 14, 15.  Thus, on behalf of Aponte, Federal Defenders requested that this Court defer ruling on the First Petition until after the Second Circuit resolved the issue.  ECF No. 15.  This Court granted Aponte's request on August 26, 2020.  See ECF No. 16.

In the meantime, on November 26, 2019, Aponte, acting pro se, moved for leave to file a successive 28 U.S.C. § 2255 motion (the "Second Petition").  In the Second Petition, he advances two arguments.  First, he supplements the Johnson argument set forth in the First Petition, and argues that pursuant to United States v. Davis, 139 S. Ct. 2319 (2019) ("Davis"), neither of the robberies underlying his two § 924(c)(1)(A) convictions qualify as "crimes of violence" as defined in 18 U.S.C. § 924(c)(3).[3]  Second, he argues that he is eligible for a sentence reduction pursuant to

---

[1] The issues in Aponte's First Petition were narrowed following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), after which conspiracy to commit Hobbs Act robbery — one of Aponte's two predicates — does not qualify as a "crime of violence" under 18 U.S.C. § 924.

[2] Unless otherwise specified, all docket citations are to Dkt. 16 Civ. 3511.

[3] As Aponte filed his motion for leave to file his Second Petition pro se, neither Federal Defenders nor the government have explicitly engaged with the arguments within.  Nevertheless, counsel have accounted for the effects of Davis, see ECF Nos. 14, 15, which apply equally to the issue raised in Aponte's First Petition.  Moreover, Aponte himself filed a letter dated August 11, 2020, Dkt. 02 Cr. 1082-04, ECF No. 301, which urges the Court to consider Davis in connection with his First Petition.

the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194
("First Step Act").  The First Step Act eliminated the so-called
"stacking" provision of 18 U.S.C. § 924(c)(1)(C), under which a
defendant convicted of multiple § 924(c) charges at the same time
was subject to higher mandatory minimum penalties for each
subsequent count, even if he had no prior § 924(c) convictions.

On February 17, 2021, the Second Circuit denied Aponte's
motion for leave to file his Second Petition as unnecessary, as
this Court had yet to resolve his First Petition, and transferred
the Second Petition to this Court for further proceedings.  ECF
No. 17.  The Second Circuit encouraged this Court to determine
"whether the transferred motion [the Second Petition] should be
construed as requesting leave to amend the prior § 2255 motion
[the First Petition]," and observed that the Second Petition "also
presents a claim under the First Step Act, which should be
considered by the district court in the first instance."  Id.

On April 22, 2021, the Second Circuit issued a decision United
States v. McCoy, 995 F.3d 32, 2021 WL 1567745 (2d Cir. 2021)
("McCoy"), which ruled that attempted Hobbs Act robbery is a "crime
of a violence" for purposes of 18 U.S.C. § 924.  Consistent with
the ruling in McCoy, on May 5, 2021, the government submitted a
letter requesting that this Court deny Aponte's First Petition.
ECF No. 19.  On behalf of Aponte, Federal Defenders submitted a
response on May 25, 2021, which conceded that McCoy precludes

Aponte's argument that attempted Hobbs Act robbery is not a "crime of violence" that can support a conviction under 18 U.S.C. § 924(c).  See Dkt. 02 Cr. 1082, ECF No. 306.  Nevertheless, Federal Defenders requested a stay in light of a pending petition for certiorari before the Supreme Court, United States v. Taylor, No. 20-1459 (petition for cert. filed April 14, 2021) ("Taylor"), which asks the Supreme Court to resolve a circuit split regarding whether attempted Hobbs Act robbery is a "crime of violence."[4]

## DISCUSSION

The Second Circuit has directed this Court to resolve each issue raised by Aponte in his First and Second Petitions together. ECF No. 17.  Thus, before the Court are two questions: (1) whether Johnson and Davis require the Court to vacate Aponte's § 924(c) convictions, which are based on this Court's earlier determination that conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery were valid predicate "crime[s] of violence" under § 924(c); and (2) whether Aponte is eligible for a sentence reduction pursuant to the First Step Act.

We begin with the first question.  Aponte's charges were predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery.  S12 02 Cr. 1082 at 1-2.  As Aponte maintains in his Second Petition, in 2019, Davis resolved that conspiracy to

---

[4] The Supreme Court granted certiorari on July 2, 2021.

commit Hobbs Act robbery is not a "crime of violence." Nevertheless, one valid predicate is sufficient to sustain a § 924(c) conviction, United States v. Vasquez, 672 F. App'x 56, 61 (2d Cir. 2016), and Federal Defenders, on behalf of Aponte, concede that McCoy defined attempted Hobbs Act robbery as a "crime of violence" in the Second Circuit.  Dkt. 02 Cr. 1082-04, ECF No. 306.  Thus, given the state of the law in this Circuit, which is binding on this Court, Aponte's conviction is sustained.[5]

We move next to the First Step Act issue.  In his Second Petition, Aponte argues that the First Step Act rendered his consecutive § 924(c) sentences unconstitutional by limiting "stacking" to repeat offenders.  At the time of Aponte's sentencing, § 924(c)(1)(C) provided for twenty-five-year consecutive sentences for second and subsequent § 924(c) convictions.  Thus, in Aponte's case, he was sentenced to seven years for his first § 924(c) conviction (Count One) and 25 consecutive years for his second § 924(c) conviction (Count Two).

The First Step Act clarified that "the twenty-five years for subsequent convictions applies only if the first conviction was

---

[5] As there is a circuit split regarding whether attempted Hobbs Act robbery is a crime of violence, Aponte asks the Court for a stay while this issue winds its way through the Supreme Court in Taylor.  Id.  In light of the Second Circuit's directive that we resolve each of the issues raised in Aponte's First and Second Petitions together, and as the First Step Act issue is ripe for resolution, we decline to issue the stay.  Of course, should Aponte choose to appeal this decision, there is no barrier to Aponte requesting a stay from the Second Circuit pending the outcome in Taylor.

already final at the time of the subsequent conviction." <u>United States v. Fuller</u>, No. 09 Cr. 274-03, 2020 WL 5849442, at *2 (S.D.N.Y. Oct. 1, 2020) (citing Pub. L. 115-391, § 403(a), 132 Stat 5194, 5221-22 (2018)). Thus, pursuant to the First Step Act, Aponte's subsequent § 924(c) conviction (Count Two) would not have carried twenty-five years, but instead would have carried five years (if the gun were used/carried/possessed), seven years (if the gun were brandished), or ten years (if the gun were discharged). <u>See</u> <u>id.</u> (citing 18 U.S.C. § 924(c)(1)(A)(i)-(iii)).

While Aponte properly characterizes the effect of the First Step Act, he overlooks that the change in law does not apply retroactively. "For all offenses other than those falling within the ambit of sections 2 and 3 of the Fair Sentencing Act,[6] the sentencing reform provisions of the [First Step Act] benefit only individuals who were convicted following the effective date of the Act, <u>i.e.</u>, December 21, 2018." <u>United States v. Marks</u>, 455 F. Supp. 3d 17, 20 (W.D.N.Y. 2020) (citing First Step Act §§ 401(c), 402(b), 403(b)). As the changes made regarding the "stacking" of § 924(c) offenses are not retroactive, Aponte is not entitled to relief. <u>Smalls v. United States</u>, No. 14 Cr. 167, 2021 WL 2138611, at *2 (S.D.N.Y. May 25, 2021); <u>see also</u> <u>United States v. Kissi</u>,

---

[6] These sections addressed the sentencing disparities which previously applied to possession and distribution of crack cocaine and powder cocaine.

469 F. Supp. 3d 21, 37 (E.D.N.Y. 2020); <u>Fuller</u>, 2020 WL 5849442, at *2.

## CONCLUSION

For the reasons above, Aponte's First and Second Petitions are denied.

**SO ORDERED.**

Dated:    New York, New York
          August 6, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

A copy of the foregoing has been mailed to:

> Ramon Aponte, 52538-054
> FCI COLEMAN-MEDIUM
> U.S. PENITENTIARY
> P.O. BOX 1032
> COLEMAN, FL  33521