UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
RAMON APONTE,

               Petitioner,           **MEMORANDUM AND ORDER**
                                   16 Civ. 3511(NRB)
       - against –

UNITED STATES OF AMERICA,

               Respondent.

-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In a Memorandum and Order issued on May 23, 2023, this Court denied Ramon Aponte's ("Petitioner") 28 U.S.C. § 2255 petition on the ground "that Aponte's [18 U.S.C.] § 924(c) convictions are supported by valid crime of violence predicates, namely, two completed Hobbs Act robberies." ECF No. 37 (the "Decision") at 6 (emphasis added). The Decision acknowledged that "attempted" Hobbs Act robbery is not a predicate offense under Section 924(c)(3). Id. at 1, 4-5 (citing United States v. Taylor, 596 U.S. 845, 851 (2022)). However, it also held, based on an examination of Aponte's plea agreement and in-court allocution, that Aponte had pled to two "completed" Hobbs Act robberies, which qualified as "crimes of violence." Id. at 6, 11-22.

Aponte appealed the Decision on June 23, 2023. ECF No. 38. The Second Circuit thereafter granted a stay pending the resolution of Barrett v. United States, 607 U.S. ___, 2026 WL 96659 (Jan. 14,

2026).  See also United States v. Barrett, 102 F.4th 60 (2d Cir. 2024) cert. granted in part, 145 S. Ct. 1307, and rev'd in part, 2026 WL 96659 (Jan. 14, 2026).  Now that Barrett has been decided, Aponte requests a certificate of appealability from this Court on the issue of "whether Hobbs Act robbery is a § 924(c) 'crime of violence.'"  ECF No. 40 ("COA Request") at 1, 5.  Aponte seeks to advance the argument that a completed Hobbs Act robbery can be committed without "actual or threatened force, or violence, or fear of injury."  Id. at 2.

**DISCUSSION**

A certificate of appealability will issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  Hardison v. Artus, No. 06 Civ. 0322 (LTS) (AJ), 2006 WL 1763678, at *1 (S.D.N.Y. June 23, 2006) (quoting 28 U.S.C. § 2253(c)(2)).  Thus, Aponte must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 328 (2003).

At the outset, the Court observes that the Supreme Court in Barrett, which was the basis for the stay of Aponte's appeal, did not grant certiorari on the question of "whether Hobbs Act robbery

2

qualifies as a 'crime of violence' such that it can serve as a predicate" under Section 924(c).  <u>Barrett</u>, 2026 WL 96659, at *3 n.2; <u>see also</u> COA Request at 2.  Thus, Second Circuit law remains the governing precedent.  The Second Circuit has clearly held that <u>completed</u> Hobbs Act robberies, such as those committed by Aponte, remain crimes of violence, even in the aftermath of <u>Taylor</u>, 596 U.S. 845.  <u>See</u> <u>United States v. McCoy</u>, 58 F.4th 72, 74 (2d Cir. 2023) ("<u>McCoy II</u>") (holding that "nothing in <u>Taylor</u>'s language or reasoning undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence" under Section 924(c)).

Of course, if the Second Circuit wishes to reconsider its own clear and recent precedent, it has that option.[1]  However, given that the Supreme Court declined to consider the question in <u>Barrett</u>, this Court is hard-pressed to find support that reasonable jurists could find that a completed Hobbs Act robbery is not a crime of violence.  <u>See</u> COA Request at 2.  As the Second Circuit explained in its decision in <u>Barrett</u>, "ten of our sister circuits to have considered similar post-<u>Taylor</u> challenges to the identification of substantive Hobbs Act robbery as a § 924(c)(3)(A)

---

[1]    "In a case governed by 28 U.S.C. § 2253 and FRAP 22(b), this court will not act on a request for a certificate of appealability (COA) unless the district court has [first] denied a COA."  Second Circuit Local Rule 22.1(a).

crime of violence have reached the same conclusion." Barrett, 102 F.4th at 82 (collecting cases). This consensus is implicit in Aponte's motion, which, with the sole exception of United States v. Tejada, No. 17 Cr. 229 (MKB), 2024 WL 3302491, at *6 (E.D.N.Y. July 3, 2024),[2] cites only (i) cases decided before Taylor and McCoy II, (ii) out-of-district lower court decisions that precede the Second Circuit's holding in Barrett, or (iii) cases applying Section 924(c) to an entirely different underlying crime.[3] We acknowledge Judge Brodie's thoughtful opinion in Tejada. However, while Tejada was issued post-Taylor and post-McCoy II, it was decided before the Supreme Court declined to hear the same question in Barrett. 145 S. Ct. 1307 (2025) (granting certiorari only as to another question).

## CONCLUSION

---

[2] In Tejada, the court granted a certificate of appealability on whether Hobbs Act robbery is a categorical "crime of violence." Tejada, 2024 WL 3302491, at *6. No appeal followed the issuance of the certificate of appealability. See United States v. Tejada, No. 17-CR-229 (MKB), 2025 WL 3014366, at *2 (E.D.N.Y. Oct. 28, 2025).

Contra Castle v. United States, No. 18 Cr. 06017 (EAW), 2025 WL 2051686, at *4 (W.D.N.Y. July 22, 2025) (denying a certificate of appealability on the same issue, in part because "[t]he Second Circuit has held that completed Hobbs Act robbery is a crime of violence for purposes of § 924(c)") (citing McCoy II, 58 F.4th at 74).

[3] For example, in United States v. Mangione, Judge Garnett discussed Taylor in an opinion determining whether the crime of stalking, not robbery, qualified as a "crime of violence" under Section 924(c)(3)(A). No. 25 Cr. 00176 (MMG), 2026 WL 251490, at *9, 15-17 (S.D.N.Y. Jan. 30, 2026).

On this record, the Court is not persuaded that Aponte has made a "substantial showing of the denial of a constitutional right." Miller-El, 537 U.S. at 328. Accordingly, the Court declines to issue a certificate of appealability.

**SO ORDERED.**

Dated:   New York, New York
         February 17, 2026

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

5